Sam M. MIZUGUCHI, Plaintiff,

v.

MOLOKAI ELECTRIC CO., LTD., a
Hawaii Corporation, Defendant.

Civ. No. 75–0097.

United States District Court,
D. Hawaii.

March 29, 1976.

Edward H. Nakamura, Bouslog & Symonds, Honolulu, Hawaii, for plaintiff.

Robert S. Katz, Ernest C. Moore, III, Torkildson, Katz & Conahan, Honolulu, Hawaii, for defendant. -

## DECISION AND ORDER

WONG, District Judge.

In this action, this Court tests the murky jurisdictional waters of the Age Discrimination in Employment Act, 29 U.S.C.A. § 626(d). Defendant brings this motion to dismiss plaintiff's claim brought under the Act, 29 U.S.C.A. § 621 *et seq.* Defendant contends that plaintiff lacks jurisdiction since the filing of his complaint is too early or, in the alternative, his notice of intent to sue was filed too late, under the Act. This facially absurd contention is entirely feasible in the world of § 626(d).

On June 12, 1974, plaintiff Sam Mizuguchi (hereinafter referred to as "Mizuguchi") executed a retirement agreement with defendant Molokai Electric Company, pursuant to which Mizuguchi would retire effective August 31, 1974. Plaintiff alleges that he was coerced and threatened by Molokai Electric Company officials into signing the June 12, 1974 retirement agreement, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 *et seq.*

Pursuant to the provisions of *Hawaii Rev.Stat* (hereinafter H.R.S.) § 378–4, Mizuguchi filed a complaint with the State of Hawaii, Department of Labor and Industrial Relations, charging that Molokai Electric had violated § 378–2(1) which provides in part as follows:

It shall be unlawful employment practice or unlawful discrimination: (1)

For an employer to . . . discharge from employment, any individual because of his race, sex, age, religion, color, ancestry, physical handicap, . . . .

Under the specific mandate of H.R.S. § 378–3, the Enforcement Division of the Department of Labor and Industrial Relations is empowered to enforce the provisions of the Hawaii Employment Practices Law.[1] Under the provisions of H.R.S. § 378–5[2], 378–6[3], and 378–7[4], the Department is authorized to issue a formal accusation to be served on the party charged with violating H.R.S. Chapter 378, requiring that party to answer the charges of the accusation and further authorizing a formal hearing to be held before a hearings officer who is required to issue findings of fact and a cease-and-desist order if the Department concludes that the charged party is in violation of any provision of any section of H.R.S. Chapter 378.

On August 13, 1974, Mizuguchi filed a complaint alleging age discrimination

---

1. Hawaii Rev.Stat. § 378–3 provides in full as follows:

*Enforcement jurisdiction; power of department to prevent unlawful discrimination.* The department of labor and industrial relations, hereinafter referred to as "department", shall have jurisdiction over the subject of employment practices and discrimination made unlawful by this part. When it appears to it that an unlawful employment practice or discrimination may have been committed, the department shall make a prompt investigation in connection therewith. If it is determined after such investigation that further action is warranted, the department shall immediately endeavor to eliminate the unlawful employment practice or discrimination complained of by conference, conciliation, and persuasion. [L 1963, c 180, § 2; Supp, § 90A–2]

2. Hawaii Rev.Stat. § 378–5 provides:

*Proceeding on complaint.* After the filing of any complaint, an investigation shall be made and an attempt to eliminate the practice or discrimination shall be made as provided in section 378–3 unless an attempt has previously been made.

In case of failure to eliminate the practice or discrimination, or in advance thereof if in the judgment of the department of labor and industrial relations circumstances warrant, a written accusation, together with a copy of the complaint, as the same may have been amended, shall be issued and served requiring the person, employer, labor organization, or employment agency named in the accusation, hereinafter referred to as "respondent", to answer the charges of the accusation at a hearing. [L 1963, c 180, § 4; am L 1964, c 44, § 2b; Supp, § 90A–4]

3. Section 378–6 provides:

*Hearing on accusation under administrative procedure act; hearing officer.* Any hearing on a written accusation issued under this part shall be conducted in accordance with chapter 91 by a hearing officer. The hearing officer shall be appointed by the director of labor and industrial relations and shall not be subject to the civil service laws of the State. No officer or employee of the State or any political subdivision thereof shall be eligible for the appointment. (L 1963, c 180, § 5; am L 1964, c 44, § 2(c); Supp, § 90A–5; L 1967, c 69, § 1]

4. Section 378–7 provides:

*Hearings; findings and orders thereon; requirement that order show rights of appeal.* If the department of labor and industrial relations finds that a respondent has engaged in any unlawful employment practice or discrimination as defined in this part, the department shall state its findings of fact and shall issue and cause to be served on the respondent an order requiring the respondent to cease and desist from such unlawful employment practice or discrimination and to take such affirmative action, including (but not limited to) hiring, reinstatement, or upgrading of employees, with or without back pay, or restoration to membership in any respondent labor organization, as, in the judgment of the department, will effectuate the purpose of this part, and including a requirement for report of the manner of compliance. If the department finds that a respondent has not engaged in any such unlawful employment practice or discrimination, the department shall state its findings of fact and shall issue and cause to be served on the complainant an order dismissing the accusation as to the respondent. A copy of its order shall be delivered in all cases to the attorney general, and such other public officers as the department deems proper.

Any order issued by the department shall have printed on its face references to the provisions of chapter 91 which prescribe the rights of appeal of any party to the proceeding to whose position the order is adverse. [L 1963, c 180, § 6; am L 1964, c 44, § 2c; Supp, § 90A–6]

with the Department of Labor and Industrial Relations. Apparently, the Department of Labor and Industrial Relations routinely refers such claims to the local office of the Wage and Hour Division of the United States Department of Labor.[5] Thus, approximately one month following the filing of the claim, the Department of Labor and Industrial Relations wrote to the plaintiff informing him that ". . . we are referring your complaint to the Federal Wage and Hour Division, because the respondent is covered by the Federal Age Discrimination Act of 1967."[6]

The defendant contends that this communication to the plaintiff by the Department of Labor and Industrial Relations constitutes the termination of the State's involvement in plaintiff's complaint. On the other hand, the plaintiff argues that this letter did not constitute termination of the State's investigation and in the alternative, even if this did constitute such termination, the letter

did not properly notify the plaintiff of such a termination.

In the latter part of 1974 and the early part of 1975, various officials of the U. S. Department of Labor commenced efforts aimed at reconciling the differences between Mizuguchi and Molokai Electric Company. The last attempt to reconcile differences which ended in failure, was made on March 25, 1975.

On March 17, 1975, plaintiff's retained counsel informed Mr. Moriki of the Wage and Hour Division that Mizuguchi intended to file suit in federal court on his age discrimination claim.[7] Approximately three weeks later, on April 9, 1975, plaintiff filed this action in the United States District Court for the District of Hawaii.

*Plaintiff's Claim is Premature*

Defendant's first contention is that the plaintiff failed to meet the jurisdictional requirements of 29 U.S.C.A. § 626(d)[8] in that he commenced his ac-

---

5. The procedure followed by the State of Hawaii, Department of Labor and Enforcement Division, has previously been discussed by this Court in *Charles Arnold v. Hawaiian Telephone Co.*, (U.S.D.C.Haw.Civ. No. 74–110, Decision on Defendant's Motion to Dismiss for Lack of Jurisdiction filed on June 30, 1975). In the *Charles Arnold* case, Judge Martin Pence observed that:

   In 1973 the Department of Labor and Industrial Relations had a backlog of cases involving all types of discrimination claims that the Department was empowered to investigate and conciliate. Because of a shortage in personnel and funding, only one investigator was assigned to review and process all of these varied complaints. During 1973, the Department followed a policy of referring all age discrimination claims of persons between the ages of 40 and 65 to the Wage and Hour Division without undertaking *any* investigation or attempt at conciliation of such claims. . . . It appears that both Federal and State officials had a firm concert of understanding about this state policy and procedure of referring *all* age discrimination covered by the ADEA to the Wage and Hour Division. Decision on Defendant's Motion to Dismiss for Lack of Jurisdiction, entered on June 30, 1975. (Slip opinion at 4–5). (emphasis in the original)

6. On September 17, 1974, Charles Mitsuyama sent a letter to Samuel Mizuguchi stating in full as follows:

   Dear Mr. Mizuguchi:
   Re: Your complaint v. Molokai Electric Co., Ltd.
      This is to inform you that we are referring your complaint to the Federal Wage and Hour Division because the Respondent is covered by the federal Age Discrimination in Employment Act of 1967.
      If you have questions concerning the investigation, we suggest that you contact Mr. Thomas Moriki, Area Director of the Federal Wage and Hour Public Contracts Division at 955–0264 or 1833 Kalakaua Avenue, Room 614, Honolulu, Hawaii 96815.
         Very truly yours,
         Charles Mitsuyama
         Fair Employment Practices
         Specialist, Enforcement Division

7. By letter dated March 17, 1975, Mr. Edward Nakamura, counsel for Mizuguchi, informed Mr. Moriki, Area Director of the Wage and Hour and Public Contracts Division of the U. S. Department of Labor, as follows:

   Please be informed that I have been retained by Mr. Mizuguchi for the purpose of filing an action in the Federal Court on his claim against the Molokai Electric Company, Ltd.

8. The requirements of § 626(d) are jurisdictional. *Oshiro v. Pan American World Airways*, 378 F.Supp. 80, 81 (D.Haw.1974); *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485 (5th Cir. 1974); *Edwards v. Kai-*

tion in District Court a mere 21 days after he had given notice of intent to sue. Section 626(d) clearly requires the plaintiff to wait sixty days following the notice of intent to sue before commencing suit. Section 626(d) states: [9]

> (d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such an action.

Plaintiff is certainly premature in the filing of his complaint. His complaint must be dismissed for failure to wait the proper period of sixty days. However, dismissal on this ground does not end the Court's inquiry. Dismissal on this ground does not sound the death knell for plaintiff's action since he can wait the sixty days (which have already passed) and refile his complaint. Defendant's second contention goes to the heart of whether the plaintiff has a right to proceed with his claim in any form.

*Plaintiff's Notice of Intent to Sue was Filed Too Late*

■ Defendant's second contention is that plaintiff failed to file his notice of intent to sue with the Secretary of Labor or his agent within the thirty days following termination of state proceedings as required by § 626(d)(2). That subsection states that the plaintiff must file notice of intent to sue

> (2) in a case to which section 633(b) of this title applies [where the state has a law prohibiting age discrimination [10]] within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination under State law, whichever is earlier.

Defendant argues that the letter from the Department of Industrial and Labor Relations dated September 17, 1975 terminated the State proceedings. Since Mizuguchi did not communicate his intent to sue until March 17, 1976, his notice is clearly late and thus he cannot proceed with his claim.

---

ser *Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975); *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975); *Law v. United Airlines, Inc.*, 519 F.2d 170 (10th Cir. 1975); *Ott v. Midland-Ross Corp.*, 523 F.2d 1367 (6th Cir. 1975); *Gebhard v. GAF Corporation*, 59 F.R.D. 504 (D.C.D.C.1973); *Cochran v. Ortho Pharmaceutical Co.*, 376 F.Supp. 302 (E.D.La.1971); *Balc v. United Steelworkers of America*, 6 EPD ¶ 8948 at p. 6037 (W.D.Pa. 1973); *Dartt v. Shell Oil Co.*, 10 FEP Cases 844 (N.D.Okl.1975).

**9.** 29 U.S.C. § 626(d) provides in full as follows:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' *notice* of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier. Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons

named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

**10.** As previously determined by Judge Pence in his decision on Defendant's Motion to Dismiss for Lack of Jurisdiction in *Charles Arnold v. Hawaiian Telephone Company,* Civ.No. 74–110 (D.Hawaii, filed June 30, 1975), by virtue of the provision of H.R.S. Chapter 378, Hawaii must be deemed to be a state "which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice . . ." 29 U.S.C. § 633(b); therefore, the provisions of § 633(b) apply, and under § 626(d)(2), a potential plaintiff must file his or her "notice of intent" to file a civil action "within three hundred days after the alleged unlawful practice [has] occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." Since state proceedings have not been terminated, the three-hundred-day period and not the thirty-day period applies.

This argument rests on the premise that plaintiff's state claim had been terminated. At the hearing on the motion to dismiss, plaintiff contested this fact and placed Mr. Mitsuyama on the stand. Mr. Mitsuyama is the Fair Employment Specialist who handled Mizuguchi's case on behalf of the Department of Labor and Industrial Relations. Mr. Mitsuyama testified that the letter of September 17 to Mizuguchi which informed him of the referral did not necessarily constitute termination of state action. He testified that as a matter of practice, all claims brought to him alleging age discrimination were referred to the Wage and Hour Division. Moreover, the referral did not mean that the Department of Labor and Industrial Relations had relinquished all rights to seek enforcement or resolution of Mizuguchi's complaint. Rather, Mr. Mitsuyama stated that if Mr. Mizuguchi obtained no relief from the conciliation efforts on the part of Wage and Hour Division, Mizuguchi could return to the Department of Labor and Industrial Relations and seek further relief. Thus, there is no clear and substantial evidence that there was in fact a termination of Mizuguchi's state claim.

The Court finds that the letter of September 17, 1974, referring Mizuguchi's claim to the Wage and Hour Division, failed to clearly indicate termination of all state involvement in plaintiff's case. Furthermore, Mr. Mitsuyama's testimony described the state agency as chronically understaffed and burdened by a large backlog of cases. Thus, as a matter of expediency, the State referred its age discrimination cases to the Wage and Hour Division. There is no evidence of an intent on the part of the state agency to relinquish all jurisdiction in such cases.

This Court finds as fact that this process of the Department of Labor and Industrial Relations in "waiving over" the complaints filed by alleged age discriminatees to the Wage and Hour Division does not constitute a termination of state proceedings. Accordingly, Mr. Mitsuyama's letter to Mr. Mizuguchi dated September 17, 1974 does not constitute termination of state proceedings. Since there was no termination in fact, there is no need to proceed to the issue of whether proper notice was given.

Defendant cites *Pacific Maritime Association v. Quinn,* 465 F.2d 108 (9th Cir. 1972) for the proposition that the termination of state enforcement proceedings (involving a race discrimination claim) can be as inauspicious as

". . . a helpless shrug of the shoulders or a turning out of the pockets, or with no explanation whatsoever." [11]

This language can be distinguished, however, in that it describes what is proper notice of termination where, in fact, the state has chosen to terminate its efforts. In the instant case, the State has not chosen to terminate the action. The language of the court used prior to the above-quoted material bears this out.

If (notwithstanding sufficient expression of state interest) state representatives choose to do nothing with a complaint duly filed with them and *accordingly terminate state proceedings* —whether with a helpless shrug of the shoulders or a turning out of the pockets, or with no explanation whatsoever—the federal purpose has been fully met. (Emphasis added.)[12]

Hence, since there was no actual termination of state proceedings, plaintiff's notice of intent to sue was not filed in untimely fashion. The applicable time period is not thirty days but rather the three-hundred-day period commencing from the date the alleged violation occurred. 29 U.S.C.A. § 626(d)(2).

ACCORDINGLY, IT IS ORDERED THAT Defendant's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction on the ground that the Complaint was filed prior to the manda-

**11.** 465 F.2d 108, 110.

**12.** *Id.*

tory sixty-day period required under 29 U.S.C.A. § 626(d) is GRANTED, and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted on the ground that the plaintiff did not file suit within thirty days after receipt of Notice of Termination of State Proceedings is DENIED.

Plaintiff may refile without prejudice.