**James WILLIAMS, Plaintiff,**

v.

**WAREHOUSE MARKETS, INC., a Nevada corporation, James Leach, Jack Nicholson, Joey Scolari, Brad Hemovich, Bud Miller and Does I–X, Defendants.**

**No. CV–R–85–617–ECR.**

United States District Court, D. Nevada.

June 10, 1986.

Jack E. Kennedy, Reno, Nev., for plaintiff.

William A.S. Magrath, Reno, Nev., for defendants.

**MEMORANDUM DECISION AND ORDER**

EDWARD C. REED, Jr., District Judge.

The plaintiff's Complaint sets forth five claims for relief. The First alleges that the termination of his employment was motivated by age discrimination. The others all allege state claims for relief that invoke this Court's pendent jurisdiction.

---

The defendants are Warehouse Markets, Inc., the former corporate employer of the plaintiff, an owner thereof, and employees of the corporation. The individual defendants purportedly participated in the conduct of which the plaintiff complains. A Fed.R.Civ.P. 12(b)(6) motion to dismiss the First Claim for Relief has been filed by the defendants. The individual defendants argue that they also are employees of the corporate employer and, as such, cannot have violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. They point out that § 623 specifies that it is unlawful for an "employer" to discriminate against any individual because of age.

Further, the defendants insist that the First Claim for Relief is barred by reason of the plaintiff's failure to file a charge with the Equal Employment Opportunity Commission (EEOC). § 626(d) provides that no civil action may be commenced under the ADEA until after a charge has been filed with the EEOC. The plaintiff was terminated March 1, 1984. The outer limit for filing a charge is 300 days after the alleged unlawful practice occurred (§ 626(d)); therefore the plaintiff now cannot possibly comply with the statutory mandate, according to the defendants. They note that the Complaint and its exhibits demonstrate that the plaintiff was represented by counsel who was aware of the 300–day filing requirement in time to comply therewith.

In response, the plaintiff has filed affidavits and exhibits which indicate that the required forms were timely mailed to the Nevada Equal Rights Commission (NERC). According to an affidavit, NERC automatically assigns a charge number to each discrimination claim and forwards it to the EEOC. It is clear, in the plaintiff's case, that NERC never forwarded a claim to EEOC. The affidavits and exhibits indicate that NERC has no record of the plaintiff's claim having been assigned a charge number or otherwise processed. The implication is that if the claim was mailed to NERC, it was never received or, if received, was misplaced and remains lost to this day. The plaintiff's attorney and one of his employees, in affidavits, recount efforts made to follow up the claim with NERC, and representations made by NERC employees that they were actively searching for the plaintiff's claim. Under such circumstances, the plaintiff argues, the claim should be deemed to have been filed with the EEOC. If needed, equitable tolling, waiver or estoppel should be applied to make the deemed filing timely, he urges. The plaintiff should not be thrown out of court because of a dereliction of duty by the U.S. Post Office or by NERC, is a summary of his position.

The Court having chosen to consider the affidavits and exhibits, it notified the parties that the defendants' motion to dismiss would be treated as a motion for summary judgment. A time schedule was given the parties to present any further materials pertinent to a summary judgment motion.

The plaintiff, in his supplemental papers, has stipulated that the First Claim for Relief may be dismissed as against the individual defendants.

In a deferral state such as Nevada an age discrimination charge must be filed with the EEOC within 300 days after the unlawful practice occurred. 29 U.S.C. § 626(d)(2). Otherwise, a civil action against the employer is barred. *Id.* Nevertheless, the limitation period for filing is not jurisdictional, but is subject to equitable modification. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 595 (9th Cir.1981); *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981). Whether to grant equitable relief depends on the equities in the case. *Id.*

It is the plaintiff's position that NERC failed to process his claim because the agency misplaced or lost it. Alternatively, he acknowledges that it is possible the Postal Service failed to deliver the claim to NERC. In any event, there is case support for the proposition that a plaintiff should not be penalized for a governmental agen-

cy's error or dereliction of duty. *See Carter v. Smith Foot King*, 765 F.2d 916, 924 (9th Cir.1985); *Roberts v. Arizona Board of Regents*, 661 F.2d 796, 800 (9th Cir. 1981).

There is little doubt that if the plaintiff's counsel could do it over again, he would do it differently. The record is not clear whether he reasonably should have pursued the processing of his client's claim by NERC with more dispatch and diligence. In any event, adverse consequences ordinarily should not be visited upon the client for imperfect performance by his attorney. *Volk v. Multi-Media, Inc.*, 516 F.Supp. 157, 162 (S.D.Ohio 1981); *Jacobson v. Pitman-Moore, Inc.*, 573 F.Supp. 565, 570 (D.Minn. 1983); *Industrial Bldg. Materials, Inc., v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir.1970). This is not to say that counsel was at fault in this case, for some deferral state agencies do automatically refer to all age discrimination claims to the EEOC. *See Mizuguchi v. Molokai Electric Co., Ltd.*, 411 F.Supp. 590, 592 n. 5, 594 (D.Haw.1976). There is evidence in the record to justify reliance by the plaintiff's attorney on the purported representation of NERC's employee that the claim would be timely referred to EEOC.

A factor of primary importance in weighing the equities is that the plaintiff did not sleep on his rights; he did retain an attorney in time to comply with the procedural requirements of an age discrimination claim. *See Volk v. Multi-Media, Inc., supra* at 516 F.Supp. 161; *Stapper v. Texas Dept. of Human Resources*, 470 F.Supp. 242, 245 (W.D.Tex.1979); *Jacobson v. Pitman-Moore, Inc., supra* at 573 F.Supp. 570. Nor does the fact that the plaintiff retained counsel lessen his right to equitable treatment. *See Atonio v. Wards Cove Packing Co., Inc.*, 703 F.2d 329, 331 (9th Cir.1982); *Heiniger v. City of Phoenix*, 625 F.2d 842, 845 (9th Cir.1980).

An equally important factor to be considered is prejudice to defendant Warehouse Markets, Inc. that would result from equitable modification of the filing time limitations. There is no showing that it would suffer legally recognizable prejudice. The plaintiff is not asking for back pay and faded memories do not appear to be a compelling problem. Summary judgment for said defendant would be inappropriate in light of the equities of this case.

Even though both NERC and the EEOC now might well reject the plaintiff's claim for untimeliness, the purpose of ADEA to encourage conciliation rather than litigation calls for him to file formal charges with those agencies before this Court proceeds further in the case. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 764–65, 99 S.Ct. 2066, 2075–76, 60 L.Ed.2d 609 (1979); *Bean v. Crocker Nat. Bank*, 600 F.2d 754, 758–59 (9th Cir.1979).

IT IS, THEREFORE, HEREBY ORDERED that the motion of defendants James Leach, Jack Nicholson, Joey Scolari, Brad Hemovich and Bud Miller to dismiss the First Claim for Relief against them, which has been treated as a motion for summary judgment, be GRANTED.

IT IS FURTHER ORDERED that the same motion by defendant Warehouse Markets, Inc. be DENIED.

IT IS FURTHER ORDERED that this action be held in abeyance until NERC and the EEOC have been provided an opportunity to act on the plaintiff's claim of age discrimination.