**Rochelle B. BASS**

v.

**Gene BURLEIGH d/b/a Gene Burleigh and Associates, et al.**

Civ. A. No. 87–904–B.

United States District Court, M.D. Louisiana.

Dec. 21, 1989.

[redacted]

Nina Broyles, Edwin W. Fleshmen, Taylor, Porter, Brooks and Phillips, Co-Counsel, Baton Rouge, La., for plaintiff.

Henry B. Bruser, III, Gold, Weems, Bruser, Sharp, Sues & Rundell, J. Ogden Middleton, II, Alexandria, La., J. Richard Young, Maureen M. Middleton, Co-Counsel, Duluth, Ga., Robert K. McCalla, and Keith Pyburn, Jr., Co-Counsel, New Orleans, La., for defendants.

POLOZOLA, District Judge.

Rochelle B. Bass has filed this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. alleging she was denied a promotion to the position of Regional Vice President (RVP) of A.L. Williams & Associates, Inc. Named as defendants in this suit were Gene Burleigh d/b/a Gene Burleigh and Associates ("Burleigh"), A.L. Williams Insurance Company ("Williams"), and Massachusetts Indemnity and Life Insurance Company ("MILICO").

The plaintiff contends she was not promoted to the position of RVP in June of 1985 and in January of 1986 because of her sex. Mrs. Bass filed a claim with the Equal Employment Opportunity Commission ("EEOC") on December 8, 1986, more than 180 days after the alleged acts of discrimination. After the suit was filed, the defendants filed a motion for summary judgment contending that plaintiff's suit was time-barred because she failed to timely file a claim with the EEOC within the 180 day period. This Court found that the statute of limitation period began to run on April 23, 1986 and granted the defendants' motion for summary judgment. The Court's order granting summary judgment did not dispose of the case because the plaintiff contends the defendants are equitably estopped from raising the limitations period.

More specifically, Mrs. Bass argues that the doctrine of equitable estoppel applies because the defendants failed to provide adequate notice of employment rights as required by 29 U.S.C. § 627. Plaintiff further contends the defendants made certain misrepresentations regarding her employment status which caused her to believe she was an independent contractor.

The defendants concede that they did not post the notices required by 29 U.S.C. § 627, but deny plaintiff's allegation that they misrepresented facts to her. Defendants further contend that because plaintiff consulted an attorney prior to the time the 180 day time limitation expired, she knew or should have known of her rights. Therefore, defendants argue the doctrine of equitable estoppel does not apply under the fact of this case.

[redacted] When an employer fails to post notices as required by 29 U.S.C. § 627, equitable considerations may suspend the 180 day limitation period for filing an employment discrimination claim with the EEOC.[1] The 180 day limitation period begins to run from the time the employee either knew or should have known of his statutory rights.[2] A finding of constructive knowledge of statutory rights is found when the employee acquires the "means of

1. 42 U.S.C. § 2000e-5(e); *Clark v. Resistoflex Co.*, 854 F.2d 762 (5th Cir.1988); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir.1975); and *Charlier v. S.C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir.1977).

2. *Charlier*, 556 F.2d at 764 and *Edwards*, 515 F.2d at 1200.

knowledge" of his employment rights.[3] Constructive knowledge is appropriate where the employee has consulted with an attorney concerning his employment rights.[4] On the other hand, not all contacts with an attorney are sufficient to impute constructive knowledge.[5] Thus, it is necessary to review the jurisprudence to determine what types of contact with an attorney will impute constructive knowledge to the employee.

■ The underlying principles for determining the contact between attorney and employee which is sufficient to end the tolling of prescription are clearly articulated in several Fifth Circuit cases. In *Charlier v. S.C. Johnson & Son, Inc.*, the Fifth Circuit stated:

> To fulfill the purposes of section 627 [requiring employers to post notice of employment rights], an employer's notice must provide employees with a meaningful opportunity of becoming aware of their [statutory] rights so that one may reasonably conclude that the employees either knew or they should have known of their statutory rights.[6]

The Fifth Circuit has also found that the limitation period is tolled until the employee has either actual knowledge "or acquires the 'means' of such knowledge by consulting an attorney about the discriminatory act."[7] In *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, the Fifth Circuit held:

> We feel constrained to note that, even if the 180 day period could be waived, this is a singularly inappropriate situation for such a remedy, in view of the fact that [the plaintiff] consulted with an attorney long before the 180 day period ran. In such a circumstance, he had the "means of knowledge" of his [statutory] rights, for the very purpose of consulting an attorney is to ascertain what legal redress arises out of a factual situation encompassing a supposed wrong. While it may be inequitable to allow an employer to benefit from his own wrong, it would be at least equally unfair to then hold that the employer is estopped from raising the 180 day bar where the injured employee consulted an attorney who either slept on his rights or did not believe he had any under the statute.[8]

Plaintiff relies on two cases which support her position but which also conflict with the law of the Fifth Circuit.[9] The Court believes the standard set forth by the Fifth Circuit correctly sets forth the law to be applied by the Court in this case. Therefore, the Court shall follow the standards set forth in *Clark*, *Charlier*, and *Edwards*.

Thus, an analysis of the jurisprudence reveals that an employee's contact with an attorney must be more than an inquiry into representation. No constructive knowledge will be found where the employee's contact with the attorney had not been "more than a preliminary approach as to possible consultation,"[10] or the contact was "for the limited purpose of determining

3. *Edwards*, 515 F.2d at 1200, n. 8 and *Clark*, 854 F.2d at 768.

4. *Clark*, 854 F.2d 762; *Edwards*, 515 F.2d 1195; *Morse v. Daily Press, Inc.*, 826 F.2d 1351 (4th Cir.1987); *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir.1976), aff'd by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Keyse v. California Texas Oil Co.*, 590 F.2d 45 (2d Cir.1978); *Plowman v. Cheney*, 714 F.Supp. 196 (E.D.Va.1989); *Linn v. Andover Newton Theological School*, 642 F.Supp. 11 (D.Mass.1985); and *Jacobson v. Pitman–Moore, Inc.*, 573 F.Supp. 565 (D.Minn.1983).

5. *Dartt*, 539 F.2d at 1256; *Keyse*, 590 F.2d 45; *Plowman*, 714 F.Supp. 196; *Linn*, 642 F.Supp. 11; and *Jacobson*, 573 F.Supp. 565.

6. 556 F.2d 761 at 764 (5th Cir.1977).

7. *Clark*, 854 F.2d 762 at 768 (5th Cir.1988).

8. 515 F.2d 1195 at 1200, n. 8 (5th Cir.1975).

9. *Williams v. Warehouse Markets, Inc.*, 637 F.Supp. 724 (D.Nev.1986) ruled that "adverse consequences ordinarily should not be visited upon the client for imperfect performance by his attorney." 637 F.Supp. at 726. And in *Jacobson v. Pitman–Moore, Inc.*, 573 F.Supp. 565 at 570 (D.Minn.1983), the court reasoned the plaintiff "should not be penalized for her attorney's failure to properly advise her".

10. *Dartt*, 539 F.2d at 1261, n. 4.

whether or not to hire" the attorney.[11] In short, the imputation of constructive knowledge "to an unknowing plaintiff based on plaintiff's consultation with an attorney" is appropriate "only when the attorney-client relationship is of some significant duration."[12]

Thus, the Court must review the facts of this case to determine whether it is reasonable to conclude the plaintiff consulted with an attorney about the alleged discriminatory acts or whether the contact was for other purposes.

■ Mrs. Bass filed her EEOC claim on December 8, 1986. Therefore, if knowledge is imputable to the plaintiff before June 10, 1986, which is 180 days before the filing of the EEOC claim, the action is untimely. According to Mrs. Bass' testimony at the trial and her affidavit filed into the record, she first made contact with her attorney, Nina S. Broyles, in March of 1986. Mrs. Bass had accompanied a friend to Ms. Broyles' office. After Mrs. Bass' friend's conference, which involved an unrelated matter, Mrs. Bass inquired about an appointment to discuss the problems giving rise to this action. Clearly, this initial contact with the attorney was merely an inquiry concerning possible representation and was not sufficient to impute knowledge.

The next contact Mrs. Bass had with her attorney occurred in a meeting held on April 23, 1986 where the problems involved in this case were discussed. Mrs. Bass hired Ms. Broyles to represent her in connection with this case on June 6, 1986. Mrs. Bass states that she was not aware of the sexual discrimination claim until July of 1986. Although Mrs. Bass did not have actual knowledge of her claim until July, the evidence supports a finding of constructive knowledge prior to June 10, 1986. Certainly, "a factual situation encompassing a supposed wrong"[13] was presented to Ms. Broyles in the April 23, 1986 meeting. Furthermore, Ms. Broyles was hired to represent the plaintiff regarding this matter on June 6, 1986. Through these contacts, the plaintiff acquired the "means of knowledge"[14] and the Court can "reasonably conclude"[15] that she should have known of her statutory rights.

Having concluded that plaintiff had constructive knowledge more than 180 days prior to the time she filed her claim with the EEOC, the Court finds the doctrine of equitable estoppel does not toll the statute of limitations in this case. Therefore, the Court finds plaintiff's suit is time-barred and must be dismissed.

Judgment shall be entered dismissing plaintiff's suit with prejudice as to all defendants.

---

**11.** 642 F.Supp. at 14.

**12.** *Jacobson,* 573 F.Supp. at 569.

**13.** *Edwards,* 515 F.2d 1195 at 1200, n. 8.

**14.** *Id.* and *Clark,* 854 F.2d 762 at 768.

**15.** *Charlier,* 556 F.2d 761 at 764.