George L. CHARLIER and George B. Russell, Plaintiffs-Appellants,

v.

S. C. JOHNSON & SON, INC., Defendant-Appellee.

No. 76-3659

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 29, 1977.

Rehearing and Rehearing En Banc Denied Sept. 14, 1977.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part 1.

William C. Davidson, Jr., James B. Adams, Austin, Tex., for plaintiffs-appellants.

Donald Scott Thomas, Jr., Austin, Tex., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

CLARK, Circuit Judge:

Plaintiffs, George L. Charlier and George B. Russell, brought suit in the district court under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (ADEA), alleging that defendant, S. C. Johnson & Son, Inc. (Johnson Wax), had improperly discharged them because of their age. They appeal from the district court's summary judgment which found that their federal complaint was time-barred under 29 U.S.C. § 626(d) because their notice of intent-to-sue letter (notice letter) was filed with the Wage and Hour Division of the United States Department of Labor more than 180 days after the alleged violation occurred. We hold that defendant's notice, posted in its regional Houston, Texas office, designed to inform its employees of their ADEA rights and comply with 29 U.S.C. § 627 and 29 C.F.R. § 850.10 (1976), was insufficient to provide Charlier, who lived and worked in Central Texas and visited the regional office only 3 times in 19 years, with adequate construc-tive notice of his ADEA rights. The case is vacated and remanded with directions that the district court determine (1) whether defendant's notice was adequate as to Russell, who also lived and worked in Central Texas but who visited the regional office occasionally, and (2) when Charlier and Russell secured counsel or acquired actual knowledge of their ADEA rights so as to trigger the running of the 180-day filing requirement of 29 U.S.C. § 626(d).

Because the district court granted a summary judgment of dismissal, we recite the facts most favorably to plaintiffs, the party opposed to the motion. E. g., Ging v. American Liberty Insurance Co., 423 F.2d 115, 117 (5th Cir. 1970). George L. Charlier was 53 years old, lived in Austin, Texas, and had been an area salesman covering Central Texas in Johnson Wax's employ for the previous 19 years and 6 months when he was discharged from Johnson Wax on July 1, 1973. Johnson Wax told Charlier that it was discharging him because he was no longer effectively performing his job.

Charlier was not persuaded by this explanation, however, and believed that Johnson Wax had terminated his employment because of his age. Charlier did not do anything about this at the time of his separation, however, because he was not aware of any state or federal laws that proscribed this type of employer conduct. In the fall of 1973, while watching television, Charlier saw an ADEA commercial that led him to believe for the first time that Johnson Wax might have improperly discharged him. In late November or early December of 1973, Charlier went to the Austin office of the Wage and Hour Division of the United States Department of Labor and spoke to a Mr. Keesen, an employee there, about whether he had any legal rights under the ADEA because of his discharge. Keesen gave Charlier a government pamphlet containing information about the ADEA and explained to him its contents. When Charlier left Keesen's office, he knew that he had an ADEA claim against Johnson Wax. Although the statutory period for filing a timely notice of intent-to-sue with the

Wage and Hour Division within 180 days of the date of the alleged violation was about to lapse, see 29 U.S.C. § 626(d), Charlier did not contact an attorney and pursue his claim. Keesen had explicitly advised Charlier that no time limit existed as to his claim, and Charlier assumed that the Austin office would pursue the claim on his behalf. Charlier discussed his rights with an attorney for the first time on June 15, 1974, and on September 27, 1974, he filed a notice of his intent-to-sue with the Wage and Hour Division.

When Russell was separated from Johnson Wax on January 1, 1974, he was 56 years old and had been employed for 22 years as an area salesman or district sales manager in Central Texas, residing in San Antonio. Between the date of his separation and April of 1974, Russell talked with Charlier about his discharge and for the first time learned about his ADEA rights. Russell subsequently met with his attorney and proceeded to file a notice of intent-to-sue letter with the Austin office of the Wage and Hour Division on November 13, 1974.

The regional office of Johnson Wax to which Charlier and Russell reported was located in Houston, Texas. Government posters which informed employees of their federal statutory rights, including those under the ADEA, were placed, as they were received, on a bulletin board at the regional office. Both men, however, operated out of offices at their personal residences. During their employment with Johnson Wax, Charlier visited the regional office a total of 3 times, and Russell, in his capacity as district sales manager, visited it only "occasionally." Neither remember ever having received any information from Johnson Wax concerning their ADEA rights. Johnson Wax published various pamphlets informing employees of their rights under the Federal labor laws, but these were available to its employees only upon request.

In the instant case, the district court noted that neither Charlier or Russell filed a notice of intent to sue letter within the 180-day period from the date of their separation, as required by 29 U.S.C. § 626(d). Although it acknowledged that a panel of this court, in *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 5 Cir., 515 F.2d 1195 (1975), pretermitted the question of whether equitable considerations, such as an employer's failure to post proper notices under 29 U.S.C. § 627 and 29 C.F.R. § 850.10, served to toll the 180-day period, the district court determined that such considerations were not applicable because Johnson Wax had complied with its statutory obligation of posting the necessary notice.

29 U.S.C. § 627 imposes a mandatory obligation upon employers covered by the ADEA [1] to "post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary [of Labor] setting forth information as the Secretary deems appropriate to effectuate the purposes of [the ADEA]." In implementing this statute the Secretary, pursuant to his statutory authority,[2] has adopted 29 C.F.R. § 850.10.[3] The Secretary's regu-

---

1. 29 U.S.C. § 630(b) defines an employer as any "person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 29 U.S.C. § 630(a)'s definition of person includes corporations such as Johnson Wax. Neither party disputes that the operations of Johnson Wax affect commerce.

2. 29 U.S.C. § 628 provides:
   In accordance with [5 U.S.C. §§ 551–59], the Secretary of Labor may issue such rules and regulations as he may consider necessary or appropriate for carrying out this chapter, and may establish such reasonable exemptions to

and from any or all provisions of this chapter as he may find necessary and proper in the public interest.

3. 29 C.F.R. § 850.10 provides:
   Every employer, employment agency, and labor organization which has an obligation under the Age Discrimination in Employment Act of 1967 shall post and keep posted in conspicuous places upon its premises the notice pertaining to the applicability of the Act prescribed by the Secretary of Labor or his authorized representative. Such a notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members.

lations "will be sustained so long as [they are] 'reasonably related to the purposes of the enabling legislation.' . . ." *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973), *quoting Thorpe v. Housing Authority*, 393 U.S. 268, 280–81, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969). This regulation clearly is so related. This "posting requirement [is] intended to alert older employees to their newly created rights . . . [and] enable an employee to protect these rights, by pursuing his claims independently or by procuring an attorney to press his rights." *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1197 (5th Cir. 1975).

■ While section 627 and regulation 850.10 do not require that an employer actually inform employees of the ADEA and its applicability, they do contemplate, the posting of notice "in prominent and accessible places where it can readily be observed by employees" so that older employees may know of their new rights. 29 C.F.R. § 850.-10 (1976). Because constructive notice often falls far short of its intended purpose, rigorous adherence to this mandate is essential, especially in view of the relatively short 180-day filing period prescribed by 29 U.S.C. § 626(d). To fulfill the purposes of section 627 and regulation 850.10, an employer's notice must provide employees with a meaningful opportunity of becoming aware of their ADEA rights so that one may reasonably conclude that the employees either knew or they should have known of their statutory rights. *See Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1262 (10th Cir. 1976), *cert. granted*, 429 U.S. 1097, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977). To this end notice adequate for one group of employees does not necessarily suffice for another group working primarily in a different locality.

■ Here Johnson Wax informed its Texas employees of their ADEA rights by placing an ADEA poster on a bulletin board at its regional office in Houston, Texas. Assuming the board was placed in a prominent and accessible place, readily observable to its employees, and the poster informed employees of their statutory rights, *Dartt v. Shell Oil Co.*, 539 F.2d at 1262 & n. 5, this would be adequate posting to cover Johnson Wax employees who worked at or regularly reported to the regional office. Yet as to its area salesmen, such as Charlier who lived in Central Texas, maintained an in-home office, reported directly to the Central Texas district sales manager, and visited the regional office only 3 times in 19½ years, such a posting provides no notice whatsoever.

■ While Russell also lived and maintained an in-home office at his residence in Central Texas, his deposition testimony reveals that as a district sales manager he "occasionally" visited the Houston regional office. The record does not disclose, however, whether district sales managers such as Russell visited the Houston office once a month or once a year. Nor does it disclose whether the notice was posted in a prominent and accessible place readily observable to them or, for example, at a place where only blue-collar workers would be likely to go. Accordingly, the case must be remanded to the district court so that it can determine whether the notice was adequate as to Russell.

■ To facilitate this proceeding on remand, we now reach and decide certain jurisdictional aspects of this case. 29 U.S.C. § 626(d) provides that no person may maintain an ADEA action without having first filed a notice letter with the Wage and Hour Division of the United States Department of Labor within 180 days of the alleged unlawful incident and having given the Secretary of Labor no less than 60 days' notice of intent to sue.[4] In *Powell v.*

---

4. 29 U.S.C. § 626(d) provides:

    No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

    1) within one hundred and eighty days after the alleged unlawful practice occurred, or

*Southwestern Bell Telephone Co.,* 494 F.2d 485, 487–89 (1974), after noting that section 626(d) was designed to inform employers of alleged ADEA violations, to foster conciliation of disputed claims, and to provide parties with the opportunity to preserve evidence for trial should conciliation fail, we held that section 626(d)'s requirements were necessary conditions precedent to maintaining an ADEA suit. That Charlier provided the Wage & Hour Division with information of the alleged unlawful discrimination of Johnson Wax within 180 days of his discharge does not satisfy 29 U.S.C. § 626(d)'s requirement that he furnish a notice letter. *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 488–89 (5th Cir. 1974); *accord, Dartt v. Shell Oil Co.,* 539 F.2d 1256, 1259 (10th Cir. 1976), *cert. granted,* 429 U.S. 1097, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977); *Hiscott v. General Electric Co.,* 521 F.2d 632, 634 (6th Cir. 1974); *Davis v. RJR Foods, Inc.,* 420 F.Supp. 930, 933 (S.D.N.Y.1976).

A year later in *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1198 (1975), we concluded that an employer's failure to apprise its employees of their ADEA rights as required by 29 U.S.C. § 627 and 29 C.F.R. § 850.10 did not extinguish completely an alleged discriminatee's duty to satisfy section 626(d). Because Edwards had failed to file his notice letter within 180 days both of securing counsel and acquiring actual knowledge of his ADEA rights, we held that his suit was time-barred since he had failed to satisfy a "mandatory, jurisdictional condition precedent to suit." Our holding rendered it unnecessary for us to decide in *Edwards* whether the employer's noncompliance with 29 U.S.C. § 627 and 29 C.F.R. § 850.10 served to toll section 626(d)'s 180-day notice requirement until Edwards had secured counsel or acquired actual knowledge of his ADEA rights.

The failure of Johnson Wax to post adequate notice to Charlier is tantamount to posting no notice whatsoever. This would be equally true as to Russell, of course, if the district court should find that its posting was insufficient as to him also. We intimate no opinion on this issue. The record is clear that neither plaintiff filed the required notice letter with the Wage & Hour Division within 180 days of his date of discharge from Johnson Wax. The record is not clear, however, as to when either plaintiff acquired actual knowledge or "had the 'means of knowledge' of his ADEA rights . . . ." *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d at 1200 n. 8. Accordingly, the district court is instructed to make such findings as to Charlier and as to Russell, if necessary, and then determine if they filed notice letters within 180 days of either date. If the plaintiffs did not, then their suits are barred under our decision in *Edwards.* If they did make timely filings, the district court should determine the tolling issue we expressly pretermitted in that same decision. *Compare Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834, 843–44 (3d Cir. 1977); *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. 1976), *cert. granted,* 429 U.S. 1097, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977); *Eklund v. Lubrizol Corp.,* 529 F.2d 247 (6th Cir. 1976); *and Hiscott v. General Electric Co.,* 521 F.2d 632 (6th Cir. 1975).

We requested that the parties submit supplemental argument addressed to the issue of whether unresolved issues of material fact as to the existence *vel non* of a continuing course of discrimination by Johnson Wax were also present in this case. In light of the United States Supreme Court's recent decision in *United Air Lines, Inc. v. Evans,* —— U.S. ——, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), we conclude that based upon the allegations of plaintiffs'

2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

complaint, Johnson Wax's discharge of plaintiffs and its present refusal to reinstate them to their former positions does not constitute a continuing course of discrimination. *See Woodburn v. LTV Aerospace Corp.*, 531 F.2d 750, 751 (5th Cir. 1976); *Hiscott v. General Electric Co.*, 521 F.2d 632, 635 (6th Cir. 1975).

VACATED AND REMANDED.