**Richard EDGEWORTH, Plaintiff,**

**v.**

**FORT HOWARD PAPER COMPANY, Defendant.**

**No. 87 C 5632.**

United States District Court, N.D. Illinois, E.D.

Nov. 13, 1987.

Michele M. Kocian, Biggam, Cowan, Marquardt & Lunding, Chicago, Ill., for plaintiff.

Gloria M. Portela, Chadwell & Kayser, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Richard Edgeworth brings this employment discrimination action against his former employer the Fort Howard Paper Company ("Fort Howard"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. Presently before the Court is Fort Howard's motion for summary judgment under Fed.R. Civ.P. 56(c). For the reasons noted below, we deny that motion.

*Facts*

Edgeworth worked for Fort Howard from September 5, 1978 until October 5, 1984. During the last year of Edgeworth's employment with Fort Howard, he was head of the Fort Howard sales force for the Chicago, Illinois, marketing area. During his entire employment period with Fort Howard, Edgeworth worked out of his personal residence in Michigan City, Indiana. Edgeworth visited Fort Howard's corporate offices in Green Bay, Wisconsin, no more than two times a year.

Since August 1982 to the present, Fort Howard has had on display on a bulletin board in the employee lobby of its Green Bay facility, an equal opportunity notice. (See Appendix). Employers are required under 29 U.S.C. § 627 (1982) to post this notice which is to be prepared or approved by the Equal Employment Opportunity Commission ("EEOC").[1] The bulletin board displaying this notice is located in a prominent and accessible place within Fort Howard's employee lobby. Additionally, all employees of Fort Howard who work at its Green Bay facility are required to enter through the employee lobby.

After his termination in October 1984, Edgeworth claims he was unaware of his rights under ADEA until he consulted with an attorney in July or August of 1985. After consulting with his attorney, Edgeworth filed an age discrimination complaint with both the EEOC and the Illinois Department of Human Rights on December 13, 1985. This was 434 days after he was terminated and at least 180 days after he acquired knowledge of his rights under the ADEA.

*Motion for Summary Judgment*

Summary judgment is appropriate only where the moving party demonstrates that no genuine issue of material fact exists and that it is accordingly entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of clearly establishing the absence of a triable fact issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Furthermore, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 460 (7th Cir. 1986), *cert. denied*, — U.S. —, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). A genuine issue for trial exists only when there is sufficient evidence favoring the non-movant for a jury to return a verdict for that party. *Valley Liquors, Inc. v. Renfield Importers Ltd.*, 822 F.2d 656, 659 (7th Cir. 1987). In considering the evidence, we must draw all justifiable inferences in favor of the non-movant. *Id.*

Fort Howard argues it is entitled to summary judgment because Edgeworth failed to file a timely charge with the EEOC as required by 29 U.S.C. § 626(d) (1982). Under § 626(d), Edgeworth was to file his charge with the EEOC within 300 days after the alleged unlawful practice occurred. There is no dispute that Edgeworth failed to do this and actually filed his charge 434 days after he was terminated. Edgeworth, however, contends that he is

1. Section 627 provides the following:
Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Equal Employment Opportunity Commission setting forth information as the Commission deems appropriate to effectuate the purposes of this chapter.
29 U.S.C. § 627 (1982).
Pursuant to 29 U.S.C. § 628, the EEOC has the authority to issue rules and regulations it considers appropriate for carrying out the ADEA. Accordingly, the EEOC has promulgated the following regulation concerning the posting requirement:

§ 1627.10 Notices to be posted.
Every employer, employment agency, and labor organization which has an obligation under the Age Discrimination in Employment Act of 1967 shall post and keep posted in conspicuous places upon its premises the notice pertaining to the applicability of the Act prescribed by the Commission or its authorized representative. Such a notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members.
29 C.F.R. § 1627.10.

entitled to an equitable tolling of that limitation period because of his ignorance of his rights under the ADEA.[2] He alleges that his ignorance was mainly due to Fort Howard's failure to post a notice concerning his ADEA rights in a location where he worked.

It is true that "[e]quitable exceptions to the statutory limitations period should be sparingly applied [because] the certainty and repose these provisions confer will be lost if their application is up for grabs in every case." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987). It is also true, however, that the ADEA as remedial and humanitarian legislation should be "construed liberally to achieve its purpose of protecting older employees from discrimination." *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92, 93 (8th Cir. 1975). With these competing guidelines in mind, we examine Edgeworth's claim for equitable tolling.

■ The Seventh Circuit has held that one justification for equitably tolling the filing requirement is the failure of the employer to post the notice required by § 627. *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir.1978). In *Kephart*, the Seventh Circuit held that the filing limitation in § 626(d) "is tolled by the employer's failure to post conspicuously notice of ADEA rights, and that in such circumstances the [limitation] period will begin to run when the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA." 581 F.2d at 1289. Mere failure to see an ADEA informational poster that is conspicuously displayed and otherwise complies with the ADEA notice requirements will not excuse a late filing. *Vaught v. R.R. Donnelley & Sons, Co.*, 745 F.2d 407, 412 (7th Cir.1984); *Posey v. Skyline Corp.*, 702 F.2d 102, 106 (7th Cir.), *cert. denied*, 464

U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

■ Of course, this discussion of posting may seem moot because there is no dispute in this case that Fort Howard had the required notice posted at all times since 1982. Edgeworth, however, did not work out of the Green Bay office where the ADEA notice was posted.[3] Additionally, since he visited the Green Bay office no more than twice a year, the maximum number of times Edgeworth could have viewed the poster was twelve times during the six years. Thus, the issue is whether Fort Howard as to Edgeworth had a notice posted in a "prominent and accessible plac[e] where it [could] readily be observed by employees, applicants for employment and union members." 29 C.F.R. § 1627.10.

The Seventh Circuit has not had occasion to consider the issue of equitable tolling in this situation. The Fifth Circuit, however, in *Charlier v. S.C. Johnson & Son, Inc.*, 556 F.2d 761 (5th Cir.1977), considered the issue in the context of two employees who operated out of offices at their personal residences. Their company had posted the required ADEA notice in the company's regional offices. One of the employees, however, had only visited the regional office a total of three times in nineteen years and the other had visited it only occasionally. The Fifth Circuit held that, as to the employee who had only been to the regional office three times in nineteen years, the employer's failure to post adequate notice as to him was "tantamount to posting no notice whatsoever." *Charlier*, 556 F.2d at 765. The issue of adequate notice as to the other employee was remanded for development of the record. However, as to the first employee, the court held that the limitation period for filing his notice should begin to run from the time he had actual

**2.** The administrative filing requirement of the ADEA should be treated as a statute of limitations and is therefore subject to equitable modification. *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir.1986).

**3.** We refer to the notice as an "ADEA" notice although the current EEOC approved poster, in the words of the Eleventh Circuit, "refers (in

small print which is riddled with bureaucratic language) to several different types of discrimination within several types of employment relationships, [and which also raises] some question whether the average employee would comprehend his rights upon a viewing of the poster." *McClinton v. Alabama By–Products Corp.*, 743 F.2d 1483, 1485 n. 6 (11th Cir.1984).

knowledge or had the means of knowledge of his ADEA rights. *Id.* Thus, *Charlier* established the basis for the use of equitable tolling for employees who had no knowledge of their ADEA rights despite their employer's technical compliance with § 627. *See Shields v. Grocers Supply Co., Inc.,* 568 F.Supp. 61 (S.D.Tex.1983); *Pirone v. Home Insurance Co.,* 507 F.Supp. 1281 (S.D.N.Y.1981). The *Charlier* court justified this position primarily on the basis of the implementing regulation for § 627,[4] which contemplates the posting of the notice in "prominent and accessible places where it can be readily observed by employees." 29 C.F.R. § 1627.10. "Because constructive notice often falls far short of its intended purpose, rigorous adherence to this mandate is essential," especially in view of the relatively short filing period prescribed by 29 U.S.C. § 626(d). *Charlier,* 556 F.2d at 764. The Fifth Circuit thus concluded that in order to fulfill the purposes of § 627 and regulation 1627.10 (then 850.10), "an employer's notice must provide employees with a meaningful opportunity of becoming aware of their ADEA rights so that one may reasonably conclude that the employees either knew or they should have known of their statutory rights." *Id.*

On the other side of the spectrum is a recent Fourth Circuit opinion which takes the position that posting in a conspicuous place upon the employer's premises is sufficient notice to "field salesmen who infrequently visit the company's offices." *English v. Pabst Brewing Co.,* 828 F.2d 1047, 1050 (4th Cir.1987). The Fourth Circuit's justification for their position was that the statute only required posting upon the employer's premises, and therefore if an employer did that it had complied with the statute. The Fourth Circuit did not at all consider the ramification of the EEOC's implementing regulation that the notice "must be posted in prominent and accessible places where it can be readily observed by employees, applicants for employment and union members." 29 C.F.R. § 1627.10. If the legal question before us and before the Fourth Circuit in *English* was whether

the employer violated 29 U.S.C. § 627, then we would agree with the *English* court. But that is not the issue; § 627, unlike its counterpart under Title VII, 42 U.S.C. § 2000e–10 (1982), does not have a separate punishment for its violation. Thus, we are not here to determine whether Fort Howard legally violated § 627. We are only to determine whether there is a basis under the facts in this case to equitably toll the filing requirement of 300 days set forth in § 626(d). As such, we are to consider principles of equity, not statutory construction. The Fourth Circuit ignored the equitable nature of the inquiry and instead concentrated on a strict construction of the statute. With all due respect to the Fourth Circuit, it may have been influenced by the fact that the lower court found that the salesman in *English* "was generally aware of his rights against age discrimination well before his termination," *English v. Pabst Brewing Co.,* 645 F.Supp. 186, 189 (W.D.N.C.1986), and that as it noted, the employee had actually visited the employer's premises when informed of his termination. *English,* 828 F.2d at 1050. This, of course, is not the case here. Here Edgeworth has stated in his uncontradicted affidavit, that he was completely unaware of his rights under the ADEA to file a charge with the EEOC or a complaint in federal court.

Regardless of this factual distinction between the present case and the *English* case, we would be reluctant to adopt the Fourth Circuit's rigid application of equitable tolling in the context of an employee who is not afforded a reasonable opportunity to view the posted ADEA notice. When Congress passed the ADEA and required employers to post the ADEA notice in conspicuous places, they probably contemplated that each employee would have an opportunity to view that poster numerous times, if not every day they worked. Congress could have required employers to inform each employee of their rights under the ADEA upon hiring or by way of a paper insert in their pay. The advantage of requiring a posted notice instead is obvi-

4. See note 1 above.

ous; the personal notice would likely be long gone before an employee ever thought he had been discriminated against. A posted notice, however, would always be there for viewing. It is also probably true that Congress may not have considered the present situation, a full-time multi-year employee of a company that rarely ever sets foot upon the employer's premises. We are not, however, bound by this congressional lack of foresight when we apply equitable principles, and we find that equity is the appropriate vehicle to remedy a lack of congressional foresight. Accordingly, we adopt the position of the Fifth Circuit in *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir.1977), and hold that the language of the § 627 implementing regulation, 29 C.F.R. 1627.10, justifies the equitable tolling of the filing requirement of § 626(d) for those employees who are without knowledge of their rights under the ADEA because of their employer's failure to post the § 627 ADEA notice in a place where *that* employee could readily observe the notice. The limitation period in this situation would begin to run when the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA.

In applying this standard to Edgeworth's situation, we find that a maximum of twelve possible opportunities over six years to view the required ADEA notice fails to qualify as the placement of the notice in a "prominent and accessible place[ ] where it can *readily* be observed." 29 C.F.R. § 1627.10.[5] Accordingly, we hold that Edgeworth is entitled to an equitable tolling of the § 626(d) filing requirement either until he retained his attorney or acquired actual knowledge of his rights under the ADEA. Edgeworth alleges that he only acquired actual knowledge of his ADEA rights in July or August 1985.[6] Because Edgeworth filed his complaint with the EEOC on December 13, 1985, it was well within the 300-day limit under § 626(d). Therefore, we deny Fort Howard's motion for summary judgment on the grounds that Edgeworth failed to file his complaint with the EEOC within the time requirements of § 626(d).

In conclusion, we deny Fort Howard's motion for summary judgment because we find that Edgeworth is entitled to equitable tolling of the filing requirements of 29 U.S.C. § 626(d) until he had consulted his attorney in July or August 1985 or had acquired actual knowledge of his rights under the ADEA. It is so ordered.

---

**5.** Although twelve opportunities spread over six years may seem sufficient, it is important to consider that those Fort Howard employees who worked at its Green Bay facility five days a week with two weeks vacation in the same period of time would have been afforded 1,500 opportunities to view the ADEA notice.

**6.** Fort Howard also argued that it should be granted summary judgment because, in addition to posting the § 627 notice, it gave Edgeworth a copy of its employee handbook. Despite Edgeworth's denial that he received this handbook, the employee handbook, however, does not advise employees of their rights under the law. All it states is that Fort Howard is dedicated to equal employment opportunity for all persons. It does not indicate that there is a law that requires it to do so. Nor does it say that if it does discriminate, the employee has legal recourse. Thus, this manual does nothing to support Fort Howard's position.

APPENDIX

# Equal Employment Opportunity is...

# THE LAW

## Private Employment, State and Local Government, Educational Institutions

### Race, Color, Religion, Sex, National Origin

Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in hiring, promotion, discharge, pay, fringe benefits, and other aspects of employment, on the basis of race, color, religion, sex or national origin.

Applicants to and employees of most private employers, State and local governments and public or private educational institutions are protected. Employment agencies, labor unions, and apprenticeship programs also are covered.

### Age

The Age Discrimination in Employment Act of 1967, as amended, prohibits age discrimination and protects applicants and employees aged 40-70 from discrimination in hiring, promotion, discharge, pay, fringe benefits and other aspects of employment. The law covers most private employers, State and local governments, educational institutions, employment agencies and labor organizations.

### Sex (wages)

In addition to the sex discrimination prohibited by Title VII of the Civil Rights Act (see above) The Equal Pay Act of 1963, as amended, prohibits sex discrimination in payment of wages to women and men performing substantially equal work in the same establishment. The law covers most private employers, State and local governments and educational institutions. Labor organizations cannot cause employers to violate the law. Many employers not covered by Title VII, because of size, are covered by the Equal Pay Act.

If you believe that you have been discriminated against under any of the above laws, you should immediately contact:

The U.S. Equal Employment Opportunity Commission 2401 "E" Street, N.W. Washington, D C 20506 or an EEOC District Office, listed in most telephone directories under U.S. Government.

## Employers holding Federal contracts or subcontracts

### Race, Color, Religion, Sex, National Origin

Executive Order 11246, as amended, prohibits job discrimination on the basis of race, color, religion, sex or national origin, and requires affirmative action to ensure equality of opportunity in all aspects of employment.

### Handicap

Section 503 of the Rehabilitation Act of 1973, as amended, prohibits job discrimination because of handicap and requires affirmative action to employ and advance in employment qualified handicapped individuals who, with reasonable accommodation, can perform the functions of a job.

### Vietnam Era and Disabled Veterans

Section 402 of the Vietnam Era Veterans Readjustment Assistance Act of 1974 prohibits job discrimination and requires affirmative action to employ and advance in employment qualified Vietnam era veterans and qualified disabled veterans.

Applicants to and employees of companies with a Federal government contract or subcontract are protected under the authorities above. Any person who believes a contractor has violated its nondiscrimination or affirmative action obligations under Executive Order 11246, as amended, Section 503 of the Rehabilitation Act or Section 402 of the Vietnam Era Veterans Readjustment Assistance Act should contact immediately:

The Office of Federal Contract Compliance Programs (OFCCP) Employment Standards Administration U.S. Department of Labor 200 Constitution Avenue, N.W. Washington, D.C. 20210 or an OFCCP regional or area office, listed in most telephone directories under U.S. Government, Department of Labor.

## Programs or activities receiving Federal financial assistance

### Handicap

Section 504 of the Rehabilitation Act of 1973, as amended, prohibits employment discrimination on the basis of handicap in any program or activity which receives Federal financial assistance. Discrimination is prohibited in all aspects of employment against handicapped persons who, with reasonable accommodation, can perform the essential functions of a job.

### Race, Color, National Origin

In addition to the protection of Title VII of the Civil Rights Act of 1964, Title VI of the Civil Rights Act prohibits discrimination on the basis of race, color or national origin in programs or activities receiving Federal financial assistance. Employment discrimination is covered by Title VI if the primary objective of the financial assistance is provision of employment, or where employment discrimination causes or may cause discrimination in providing services under such programs.

If you believe you have been discriminated against in a program which receives Federal assistance, you should immediately contact the Federal agency providing such assistance.

# Don't Forget...

# Equal Employment Opportunity is the Law!