**Richard EDGEWORTH, Plaintiff,**

v.

**FORT HOWARD CORPORATION, Defendant.**

**No. 87 C 5632.**

United States District Court, N.D. Illinois, E.D.

Feb. 23, 1988.

---

Charles M. Biggam, Jr., Michele M. Kocian, Darrell V. Johnson, Biggam Cowan Marquardt & Lunding, Chicago, Ill., for plaintiff.

Gloria M. Portela, Chadwell & Kayser, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

ASPEN, District Judge:

Defendant Fort Howard brings this renewed motion for summary judgment in this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. We denied Fort Howard's first motion for summary judgment because we found that plaintiff Richard Edgeworth was entitled to an equitable tolling of the 300–day filing requirement set forth in 29 U.S.C. § 626(d). We held Edgeworth was entitled to an equitable tolling because he represented to this Court that he "was unaware of his rights under the ADEA" and "[h]e first became aware of those rights upon consulting with his attorney." (Plaintiff, memo in opp. to sum. jud. at 2). Normally, this would not entitle a plaintiff to tolling, but in Edgeworth's case, his employer never posted an ADEA notice in a place accessible to Edge-

worth. Accordingly, we held Edgeworth was entitled to equitable tolling until he either retained an attorney or acquired actual knowledge of his rights under the ADEA.

Fort Howard deposed Edgeworth after we issued our opinion. It turns out that we were misled. Edgeworth knew at the time he was terminated in October 1984 that Fort Howard could not fire him on the basis of age, that he thought that his age was partly behind his termination and that he must file something to initiate his legal action within a certain time limit. Contrary to this, his affidavit stated:

> I was completely unaware of my rights under the ADEA to file a charge for discrimination with the Equal Employment Opportunity Commission and to file a complaint in this Court until I spoke with my attorney, Charles M. Biggam, Jr. sometime in July or August of 1985.

(Edgeworth, aff. ¶ 3).

Edgeworth was ordered to file his response to this renewed motion for summary judgment on or before January 25, 1988. He did not do so. Thus, we have no explanation as to the contradiction between the affidavit and the deposition. However, this will not impede our resolution of this motion. Edgeworth cannot rest upon the earlier-submitted affidavit in order to defeat *this* motion for summary judgment; he should have resubmitted it (and an explanation as to the contradiction) in opposition to this motion. He did not. Thus, we find he has failed to make a sufficient showing in response to *this* motion to establish an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 319, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Edgeworth was only entitled to an equitable tolling until he acquired "actual knowledge of his rights under the ADEA," *Edgeworth v. Fort Howard*, 673 F.Supp. 922, 926 (N.D. Ill.1987). Fort Howard has submitted uncontradicted evidence to demonstrate that Edgeworth had actual knowledge of his rights under the ADEA at the time of his termination. Therefore, Edgeworth was not entitled to equitable tolling at all. Accordingly, we grant Fort Howard's motion

for summary judgment on the grounds that Edgeworth's December 13, 1985 filing of his age discrimination complaint was untimely. Alternatively, we grant Fort Howard's motion for summary judgment under Local Rule 13(b) for Edgeworth's failure to file an answering memorandum. It is so ordered.