Lawrence VANA, Plaintiff,

v.

MALLINCKRODT MEDICAL,
INC., et al., Defendants.

No. 5:92CV1217.

United States District Court,
N.D. Ohio,
E.D.

March 9, 1994.

Theodore E. Meckler, Meckler & Meckler, Cleveland, OH, for Lawrence Vana.

Kevin Young, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, Patricia M. McFall, D. Michael Linihan, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for Mallinckrodt Medical, Inc.

### ORDER

SAM H. BELL, District Judge.

Now pending before the court is defendants' motion for summary judgment. (Docket # 41.) The underlying complaint alleges four claims: first, violation of the Age Discrimination in Employment Act, second, age discrimination in violation of Ohio Rev. Code § 4112.99, third, breach of contract, and fourth, promissory estoppel.

### STANDARD OF REVIEW

In reviewing a motion for summary judgment, a court must consider the pleadings, related documents, evidence, and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979). Rule 56 provides, in relevant part, as follows:

(c) . . .

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

. . . . .

(e) . . .

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Three Supreme Court cases have provided guidance as to the nature of the respective burdens allocated under Rule 56. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The ultimate burden lies with the non-moving party to show the existence of a genuine issue of material fact. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*' Fed.Rule Civ.Proc. 56(e)." *Matsushita*, 475 U.S. at 586–587, 106 S.Ct. at 1355–56 (emphasis supplied). "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The court in *Anderson* held that "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff had had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514.

On the other hand, the moving party's burden under Rule 56 is lighter.

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c) ... suggests the absence of such a requirement.

*Celotex, supra,* at 323, 106 S.Ct. at 2553 (emphasis supplied).

The Sixth Circuit Court of Appeals, in *Street v. J.C. Bradford and Co.,* 886 F.2d 1472 (6th Cir.1989) recently reviewed court decisions and commentary regarding the impact of *Anderson, Celotex,* and *Matsushita* on summary judgment practice. The court concluded that a "new era" in summary judgment practice has opened in the court system as a result of these opinions.

> Scholars and courts are in agreement that a "new era" in summary judgments dawned by virtue of the Court's opinions in these cases ... On the whole, these decisions reflect a salutary return to the original purpose of summary judgments. Over the years, decisions requiring denial of summary judgment if there was even a suggestion of an issue of fact and tended to emasculate summary judgment as an effective procedural device.

*Street, supra,* at 1476.

The court enunciated the following "new era" principles, among others: as on federal directed verdict motions, the "scintilla" rule applies, *i.e.,* the respondent must adduce more than a scintilla of evidence to overcome the motion; the respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment"; the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact. *Id.* at 1479–1480 (footnotes and citations omitted).

### LAW AND ANALYSIS

I. *COUNT I.*

 Plaintiff was employed as regional sales manager for defendants until his discharge July 12, 1990. On March 5, 1992, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Defendants claim that the A.D.E.A. claim should be dismissed because plaintiff failed to file his charge within 300 days as required by 29 U.S.C. § 626(d)(2). Plaintiff, relying on *Wright v. Tennessee,* 628 F.2d 949 (6th Cir.1980) (*en banc*), argues that defendants' alleged failure to post statutorily mandated E.E.O. notices in a manner so that he would see them is an appropriate ground for equitably tolling the filing requirement.

As factual support for this argument, plaintiff relies on excerpts from the deposition of Charles Clark, General Manager of defendant's Critical Care Division. According to plaintiff, this deposition creates a material issue of fact as to whether defendants posted any E.E.O. notices at all. Considered in its full context, it appears that plaintiff has too broad a view of the testimony.

Q. And in coming in and out of Building 30 in your regular duties, going to work and coming back from work, do you have occasion [to] see any notices regarding the subject of Equal Employment Opportunity?

．　　．　　．　　．　　．

A. Yes.

Q. Do you know where such notices are posted, where they're located in the building?

A. Yes. They are on the south wall of the entrance.

Q. Okay. Are they anywhere else that you're aware of?

A. Yes.

Q. Where?

A. They're on the west wall of the entrance to Building on the campus.

．　　．　　．　　．　　．

Q. Do you have a copy of [a reduced version of an E.E.O. notice produced by defendants] in front of you?

A. Yes.

Q. Okay. Does that document look familiar to you?

A. No.

Q. Have you ever seen anything like this posted?

A. I don't recall something looking like this.

(Clark depo. at 59–60.)

The fact that one employee was unable to identify a specific E.E.O. notice, when joined with his testimony that he was generally aware that E.E.O. notices were posted on certain bulletin boards is a tenuous rope from which to suspend the claim that defendants did not post any E.E.O. notices. This claim must fall when the testimony of Clark is joined with the testimony of Donald Breussink and Joseph Buttici who confirmed the location of the notices and were able to testify about the contents of the E.E.O. notices. (*See* Breussink depo. at 264–70 and Buttici depo. at 144–45.) Accordingly, this court finds that plaintiff has not submitted sufficient evidence to conclude that there is a material factual question relating to whether or not the necessary signs were posted.

Plaintiff also argues that even if defendants posted E.E.O. notices at the corporate headquarters, tolling is appropriate since plaintiff worked out of his home and only went to the headquarters *a few times a year.* In support of this analysis, plaintiff cites *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir.1977) and *Edgeworth v. Fort Howard Paper Co.,* 673 F.Supp. 922 (N.D.Ill.1992).

In *Charlier,* the Fifth Circuit reasoned: "[A]n employer's notice must provide employee's with a meaningful opportunity of becoming aware of their ADEA rights so that one may reasonably conclude that the employees either knew or they should have known of their statutory rights." 556 F.2d at 764. The Circuit decided that posting at the headquarters was not sufficient notice for an off-site employee who only visited the headquarters three times in 19½ years. *Id.* The Circuit remanded the case with respect to an additional plaintiff who the record indicated went to the headquarters "occasionally." *Id.*

The Fourth Circuit explicitly declined to follow *Charlier* when confronted with the same issue. *English v. Pabst Brewing Co.,* 828 F.2d 1047 (4th Cir.1987), *cert. denied,* 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988).

> With respect, we do not adopt the interpretation of the posting requirement expressed in *Charlier.* It might well be desirable to require employers to send ADEA notices to travelling sales representatives and others who work off the company's premises. Congress might adopt such a requirement in the future. The terms of the present statute and its implementing regulation, however, require only that the notice be posted "in conspicuous places upon [the employer's] premises." 29 · U.S.C. § 627. Pabst complied with the terms of the statute. Notice was posted on the only facilities in the company that plaintiff ever visited, and which plaintiff did visit when he was informed of his termination.

*Id.* at 1050. As indicated above, the Supreme Court declined to resolve this split. 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988).

In *Edgeworth,* the District Court faced a case involving a regional salesperson who visited the headquarters approximately 12 times over six years. 673 F.Supp. at 923. The question framed by the court was not whether the employer had complied with 29 U.S.C. § 627, but rather whether there was an equitable reason to toll the filing requirement of § 626(d). The court criticized the Fourth Circuit for strictly construing the statute rather than applying principles of equity. The court specifically reasoned:

> When Congress passed the ADEA and required employers to post the ADEA notice in conspicuous places, they probably contemplated that each employee would have an opportunity to view that poster numerous times, if not every day they worked. Congress could have required employers to inform each employee of their rights under the ADEA upon hiring or by way of a paper insert in their pay. The advantage of requiring a posted notice instead is obvious; the personal notice would likely be long gone before an employee ever thought he had been discriminated against. A posted notice, however,

would always be there for viewing. It is also probably true that Congress may not have considered the present situation, a full-time multi-year employee of a company that rarely ever sets foot upon the employer's premises. We are not, however, bound by this congressional lack of foresight when we apply equitable principles, and we find that equity is the appropriate vehicle to remedy a lack of congressional foresight.

*Id.* at 925–26. Accordingly, the court held that the filing requirement is tolled until a plaintiff acquires actual knowledge of the ADEA or hires an attorney, when the employer fails to post the "notice in a place where *that* employee could readily observe" it. *Id.* (emphasis supplied).

While the Sixth Circuit has not ruled on this issue directly in this context, this court takes guidance from *Jackson v. Richards Medical Co.,* 961 F.2d 575 (6th Cir.1992). The Circuit quoted with approval the following general discussion about claims of excusable ignorance of the filing deadline:

[A] court should initially determine whether the plaintiff had either actual or constructive knowledge of his rights under the ADEA.... Constructive knowledge, on the other hand, is "attributed" to an employee in situations where ... an employer has fulfilled his statutory duty by conspicuously posting the official EEOC notices that are designed to inform employees of their ADEA rights.

*Id.* at 579 (quoting *Kale v. Combined Ins. Co. of America,* 861 F.2d 746, 753 (1st Cir.1988)).

The quotation above implies that the *Edgeworth* court was incorrect in criticizing the Fourth Circuit for rooting its analysis in the statute. Implicit in the reasoning adopted by the Sixth Circuit is the notion that compliance with the statute creates constructive knowledge. Therefore, the question which this court must answer is the one addressed by the Fourth Circuit: does § 627 require special notice to employees who only infrequently work on the employer's premises?

In answering this inquiry, this court finds no reason to reach a different conclusion from that reached by the *English* court. 29 U.S.C. § 627 provides in pertinent part:

Every employer ... shall post and keep posted in conspicuous places upon its premises a notice to be prepared by the Equal Employment Opportunity Commission.

Principles of equity do not require this court to expand the explicit command of § 627 to include provision for special notice to off-site employees at least so long as those employees have some occasion to visit posted premises. Plaintiff herein is not in a substantially different position from an employee who worked at a posted facility and who never noticed the signs. *See e.g., Posey v. Skyline Corp.,* 702 F.2d 102 (7th Cir.1983) (tolling not proper where plaintiff did not recall seeing notice).

Defendants' employee handbook specifically contained a section advising employees where bulletin boards were located and of the necessity to check them for important announcements. (Def.Ex. B at VI.F.1.) While plaintiff could not be held responsible for knowing the contents of notices posted while he was absent from the headquarters, it is not inappropriate to conclude that he had constructive notice of information contained in E.E.O. notices posted at the various times he did visit defendants' headquarters or other posted facilities. The record indicates that between February 1990 and July 1990, plaintiff visited the corporate headquarters three times, including the day he was terminated. In addition, during this time, plaintiff visited a facility in New York which also had E.E.O. postings. Accordingly, this court finds that equitable estoppel based on his status as an off-site employee is inappropriate.

Having concluded that plaintiff had constructive notice of his rights under the A.D.E.A., it is unnecessary to consider defendants' alternative argument that provisions in the employee handbook relating that defendants' would not discriminate based on age and that complaints should be reported to the Human Resources Department gave plaintiff actual knowledge of the general substance of the law.

Plaintiff seeks to invoke equitable estoppel a third way through an amalgam of argu-

ments. First, plaintiff alleges that he did not know that he suffered age discrimination until he learned that other older employees were also discharged subsequent to his release. (Plaintiff's brief at 15.) Second, plaintiff contends that the Employee Handbook misled him into believing that he would get a new position with defendants so he was unwilling to risk that possibility by making a discrimination claim.

■ With respect to the latter argument, the Handbook provides: "[Defendants] will ... do everything possible to assign surplus or displaced employees elsewhere within Mallinckrodt." (Def.Ex. B at VI.H.3.) This, either by itself or in combination with an alleged promise in the Handbook to fill open positions through internal transfers or promotions is not sufficient to support equitable estoppel. The Handbook text does not contain a promise upon which plaintiff could reasonably rely so any delay in bringing this action derived therefrom is not a result of deception or fraud by defendants.

■ This court is also not persuaded by plaintiff's argument that he is entitled to estoppel based on evidence he discovered well after his discharge. First, plaintiff's own brief links his cause to the discovery of two subsequent discharges *and* his observation of an E.E.O notice at an unemployment office. Having already concluded that plaintiff had constructive knowledge of his rights under the A.D.E.A., plaintiff is not entitled to equitable estoppel because he did not realize that the information available to him as early as 1991 suggested the possibility of discrimination. Moreover, the mere fact that two older employees were discharged after plaintiff is not evidence of age discrimination. Plaintiff does not even suggest that either of the subsequent discharges would constitute age discrimination. Nor does plaintiff demonstrate a material factual relationship between his discharge and the subsequent discharges.

In sum, the record does not raise a question about whether appropriate signs were posted. Furthermore, the signs satisfied defendants' statutory obligation to plaintiff. Defendants did not mislead plaintiff into thinking he had a job opportunity when in fact he did not. And finally, the alleged realization that he was discriminated against, apparently prompted by hearing that other older employees had been discharged, is not a sufficient ground to toll the filing requirement.

Accordingly, count I is dismissed for failure to comply with the 300–day filing requirement.

### COUNT II

■ This court is again faced with the claim that an age discrimination claim brought under Ohio Rev.Code § 4112.99 is governed by a 6–year statute of limitation. This claim capitalizes on the unsettled case law relating to the statute of limitations for § 4112.99. Plaintiff's argument, however, ignores the plain reality that the debate over § 4112.99 now centers on whether the appropriate period is 180 days or one year. Courts are uniformly rejecting the claimed six-year period and are only splitting over which of the two shorter periods is correct. The legion of state and federal decisions cited by defendant supports this analysis.

In the instant cause, plaintiff did not file within either one year or 180 days. Accordingly, this court need not address the knottier question relating to which of the two shorter limits is correct. It is enough, in this context, to reject the claimed six-year period and dismiss count II.

### COUNT III

Defendants claim that the breach of contract claim should be dismissed because plaintiff was an at-will employee with no contract between himself and defendants. Plaintiff relies on *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985) to claim that nine representations altered the facts and circumstances underlying the employment relationship to change plaintiff into a contractual, rather than an at-will, employee.

■ Plaintiff again appears to suffer from an overly partisan view of the record. For example, plaintiff argues that defendants communicated to plaintiff that he would be

treated fairly and only fired for just cause. However, a glance at the actual deposition in which this admission was made reveals that the witness defined 'just cause' to only mean that employees would be fired for good business reasons. (Buttici depo. at 25.) Conveying to employees that they will be treated fairly and will only be dismissed based on sound business principals, not personal whims, does not convert an at-will relationship into contractual employment.

■ Plaintiff also relies upon a one-year contract signed in 1988. That contract, by its own terms, has lapsed. Where no contract exists, or there is a contract for an indefinite term, Ohio law presumes that the relationship is terminable at-will. *Humphreys v. Bellaire Corp.*, 966 F.2d 1037 (6th Cir.1992). That presumption is only overcome by evidence clearly manifesting mutual intent to the contrary. *Henkel v. Education Resource Council*, 45 Ohio St.2d 249, 255, 344 N.E.2d 118 (1976). The 1988 contract is evidence that at one time plaintiff was a contractual employee. It does not support the further inference that plaintiff continued in that status.[1]

The last representations upon which plaintiff relies to argue that he was not an at-will employee were contained in the Employee Handbook. The Handbook contains an explicit disclaimer in its Foreword which states:

> [T]his employee handbook is for informational purposes only. In all cases, the specific provisions of policies, rules, procedures, and programs supersede the contents of this handbook and nothing contained herein shall be construed as a guarantee of continued employment or an employment contract. Continued employment is for no definite period of time, unless otherwise agreed to in writing and signed by an authorized Mallinckrodt officer.

(Def.Ex. B at Foreword.)

■ The terms contained in the Handbook must be interpreted in conjunction with the disclaimer. When so considered, the Hand-book can not be interpreted as altering terms and conditions of employment to terminate plaintiff's at-will status. None of the other representations addressed by defendant impact on this analysis. Likewise, it is not uncommon for an employer to publish policies while retaining the right to alter those policies unilaterally, and without advance notice. This practice is not tantamount to fraud as plaintiff argues.

The record does not support plaintiff's claim that he had more than an at-will employment relationship. Accordingly, count III must be dismissed.

## COUNT IV

■ Plaintiff's final claim is based on a promissory estoppel theory. Plaintiff's brief contains a discussion of the law governing promissory estoppel, as well as a discussion of why defendants err in relying on a particular case. In addition plaintiff contends that the evidence should not be limited to representations of which plaintiff had knowledge. (Plaintiff's brief at 36.) Without question, that is an inaccurate statement of the law. *See Kelly v. Georgia Pacific Co.*, 46 Ohio St.3d 134, 139, 545 N.E.2d 1244. For an employee to rely on a statement, the employee must have *known* of the statement.

Conspicuously absent from plaintiffs' brief is any explanation of what the exact representations contained. Plaintiff also fails to describe in any fashion the nature of his detrimental reliance on the representations. It is not this court's function to guess from the breadth of the record now before it which statements or documents will form the basis of the promissory estoppel claim. Plaintiff does not meet its burden of responding to defendants' motion by asserting without any degree of specificity, "there are many other specific, unambiguous representations found outside of the handbook as discussed." (Plaintiff's brief at 36.) This court can not accept a factually unsupported assertion that material issues exist—plaintiff has the bur-

---

1. Defendant argues that plaintiff was never a contractual employee under the 1988 agreement because of language contained in an appendix thereto. Plainly, the quoted language only re-lates to the confidentiality agreement and does not impact on interpretation of the broader employment agreement to which it is appended.

den of *proving* the existence of those issues. And in this case, plaintiff has failed.

### CONCLUSION

Neither the evidence nor the law supports plaintiff's argument that the 300–day filing requirement should be tolled in this cause. Accordingly, the A.D.E.A. claim should be dismissed. Equitable tolling is also not appropriate with respect to plaintiff's state age discrimination claim. That claim is governed by, at the longest, a one-year statute of limitation. Accordingly, that claim should also be dismissed because it was not timely filed. The record supports neither a breach of contract claim nor a promissory estoppel claim, so the remaining counts should also be dismissed.

All counts in this case having been considered, defendants' motion for summary judgment, docket # 41, is GRANTED in full.

IT IS SO ORDERED.